Gale HILLYER, Douglas Hillyer, III, By His Next Friend Douglas V. Hillyer, Jr., and Douglas V. Hillyer, Jr., Plaintiffs-Appellants,

v.

DAVID PHILLIPS TRUCKING COMPANY, Gary Bruce Higdon, and Patriot General Insurance Company, Defendants-Appellees.

No. 77–2148.

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1979.

Corneill A. Stephens, Michael C. Murphy, Alan E. Lubel, Atlanta, Ga., for plaintiffs-appellants.

John T. Marshall, Mark R. Eaton, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, GEE and RUBIN, Circuit Judges.

GODBOLD, Circuit Judge:

This is an automobile accident diversity case. Plaintiff Gale Hillyer was the driver

of a car that collided with a truck of defendant David Phillips Trucking Co. Pursuant to Georgia law [1] plaintiffs joined as a defendant Phillips' insurer, Patriot General Insurance Co. A jury returned a verdict for defendants.

The major issue arises from the trial court's permitting counsel for defendants to read to the jury from a traffic citation or ticket issued to plaintiff Gale Hillyer that charged her with failure to yield the right of way in the accident in question. Defendants concede that the ticket was only admissible if Gale Hillyer made an admission against interest acknowledging that she was guilty of the charge, and that if she pleaded not guilty the fact of the charge would not be admissible (even if she were found guilty). The court permitted critical portions of the ticket to be read to the jury because there was a printed provision on the back of the ticket that said: "On arraignment, the defendant pleads ——— guilty." The blank had not been filled in or marked in any manner. Gale Hillyer did not sign the ticket. On this predicate, that the statement was a judicial admission against interest, the fact of the charge of failing to yield the right of way and the underlying opinion of the officer who made the charge were made known to the jury. No reference was made to whether Gale Hillyer was found guilty.

The defendants led the court into error. Their contention is expressed in their brief:

[The statement on the back of the ticket] is a declarative sentence susceptible of only one meaning: that Plaintiff Gale Hillyer pled "guilty" in the Clayton County Traffic Court. The absence of any negative sign such as a checkmark, an "X" or the word "Not" in the blank space before the word "GUILTY" must lead a reasonable mind to the conclusion that this record indicates a plea of "guilty".

This is simply wrong. In isolation the statement is not an admission to anything. Without extrinsic evidence it is a neutral, printed means by which one may convey a message of "guilty" or "not guilty." Standing alone, its message is not "guilty" but "——— guilty." Extrinsic evidence might demonstrate, as defendants contend, that the facially neutral character of "——— guilty" is not neutral in practice. Such evidence might demonstrate that when a defendant in Clayton County Traffic Court pleads "not guilty," the word "not" is inserted in the blank. But, conversely, extrinsic evidence might demonstrate that when a defendant pleads "guilty" a dash is always placed above the blank, or the letters "N.A." are inserted in the blank, to remove the neutral character of "——— guilty." In the absence of extrinsic evidence the unaltered statement remains only a means by which information can be conveyed and is not itself a communication. Thus it was the burden of defendants to establish a meaning for an otherwise non-communicative statement, and not the obligation of plaintiffs to come forward with evidence refuting an alleged message that was never inscribed by writing and its content never proved by practice.[2]

While we do not base our opinion upon it, there is little doubt what really happened. After the court permitted defense counsel to read the ticket to the jury plaintiffs called to the stand six persons who had testified at the trial of Gale Hillyer on the traffic charge (including three persons who were witnesses for the defendants in the civil case). All six testified that Gale Hillyer had pleaded not guilty. Despite this testimony, the fact that the investigating officer had made a charge against Gale remained before the jury.

The opinion of the officer, otherwise inadmissible, was prejudicial to plaintiffs and requires reversal.

1. Ga.Code Ann. § 68–612.

2. At least arguably there are other deficiencies, but we do not base our decision on them. The back of a traffic ticket is not a usual record of judicial proceedings. Possibly there should have been evidence that this really was a means employed by the Traffic Court to record pleas. Also there was no evidence disclosing whether the statement was to be completed by the accused or the judge, and if by the accused whether Gale Hillyer ever saw it.

Our decision that this judgment must be reversed makes it unnecessary for us to pass on the problem raised by a ruling of the trial court that because coverage by Patriot General was stipulated at pretrial the plaintiffs could not "mention" at trial that Patriot General was a defendant in the case. Since coverage was not contested, the court submitted to the jury only the issue of Phillips' liability to plaintiffs and reserved as a question of law the extent of Patriot General's liability for any judgment rendered against Phillips. Plaintiffs sought to impeach an insurance adjuster who had come to the accident scene by asking whether his company had been employed by Patriot General to investigate the accident. Impeachment was appropriate since the adjuster testified that "as far as the physical evidence appeared, there appeared to be no question of liability." The court ruled, outside the presence of the jury, that the adjuster could be asked whether he had gone to the scene on behalf of "the defendants" (without uttering Patriot General's name or its business). Obviously, plaintiffs also wished to "mention" to the jury in oral argument that any judgment would be paid out of Patriot General's pocket and not by Phillips. However, the jury had been qualified as to Patriot General and it was present as a defendant because Georgia law authorized it.

The parties have not explored the Georgia authorities, nor have we. Unless there is Georgia authority requiring that the insurer's name and presence not be revealed where coverage is admitted, it seems to us questionable whether the Georgia state policy that permits the insurer to be named as a defendant should be overridden by a trial ruling that attempts to conceal or minimize the presence and identity of the insurer-defendant.[3] Presumably the problem will not arise on retrial or can be settled in the district court by reference to Georgia authorities.

REVERSED.

3. Surprisingly, the trial court told plaintiffs that, while they could not mention the name of the insurer, they could introduce the insurance policy if they wished. The policy was never offered. If it had been introduced, could plaintiffs have been barred from calling the jury's attention to the exhibit?